# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>ETHAN ANDREW EVANS TINDUKASIRI,<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 1:22-mj-00114-SAB<br>)<br>)<br>)<br>) |

**FILED**
Jul 11, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  July 9, 2022  in the county of  Mariposa  in the
Eastern District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 36, CFR, Section 2.35(c) | Present in a park area while under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources<br><br>A minimum term of 6 months imprisonment<br>A fine of $5,000 or both fine and imprisonment |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

*Christian Del Pozzo*
*Complainant's signature*

Christian Del Pozzo, Law Enforcement Ranger, National Park Service
*Printed name and title*

Complaint and affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) on:

Date: **Jul 11, 2022**

*Judge's signature*

City and state:  Fresno, California    Stanley A. Boone, U.S. Magistrate Judge
*Printed name and title*

PHILLIP A. TALBERT
United States Attorney
LAURA JEAN BERGER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. |
|---|---|
| Plaintiff, | AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT FOR ETHAN ANDREW EVANS TINDUKASIRI |
| v. | |
| ETHAN ANDREW EVANS TINDUKASIRI, | |
| Defendant. | |

### AN APPLICATION FOR AN ARREST WARRANT

I, Christian Del Pozzo, being sworn, depose and state the following:

### I.     INTRODUCTION AND AGENT BACKGROUND

1.     This affidavit is in support of a complaint charging Ethan Andrew Evans TINDUKASIRI with a violation of Title 36, Code of Federal Regulations, Section 235(c), present in a park area while under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources. The information set forth in this affidavit is not intended to detail every fact and circumstance of the investigation or all the information known to me and other law enforcement investigators. Rather, this affidavit serves only to establish probable cause for the arrest of TINDUKASIRI.

2.     I am a commissioned Law Enforcement Officer with the National Park Service (NPS), and I am a "federal law enforcement officer" within the meaning of Federal Rules of Criminal Procedure

COMPLAINT AFFIDAVIT                                                    1

41(a)(2)(C). I am currently employed as a U.S. Park Ranger by the National Park Service at Yosemite National Park. I have been employed as a NPS Law Enforcement Officer since May of 2016. I am a graduate of Temple University's Seasonal Law Enforcement Training Program (SLETP) and the Federal Law Enforcement Training Center's (FLETC) Land Management Police Training. I have received training for and conducted investigations of assaults, domestic violence, alcohol and narcotic violations, theft of government property and the destruction of natural resources that have occurred on NPS lands. I am a certified as a Single-Purpose Narcotic Detection Canine Handler certified by the California Narcotic Canine Association. I have earned a bachelor's degree in Criminal Justice from Springfield College.

3. Through my training, experience, and conversations with individuals under the influence of intoxicants, I am familiar with the identification of various forms of impairment. I am also familiar with the various methods used by individuals, to obtain, use, possess, transport, and/or sell intoxicants. I am familiar with the modus operandi as it pertains to the illegitimate use of illegally procured and distributed intoxicants in violation of federal law. I also know, through training and my involvement in past drug and alcohol investigations, that users of intoxicants are commonly involved with lewd behavior, verbal and physical altercations, sexual assaults, and operating motor vehicles. I have interviewed heavy and intermittent users of intoxicants and have discussed with them the lifestyle, appearances, and habits and methods of use, specifically as it pertains to the illegal procurement, distribution, storage, and use of intoxicants.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested arrest warrant for TINDUKASIRI and does not set forth all my knowledge about this matter.

## II.  PROBABLE CAUSE

**A.  Initial Reports Regarding and Contact with "Ethan"**

5. On July 9th, 2022, at approximately 03:30 P.M., while on uniformed patrol with Officer Cody Hays of Yosemite National Park, I received a call over the radio from the Yosemite Emergency

COMPLAINT AFFIDAVIT                    2

Communication Center regarding a welfare check for an individual named "Ethan" who was reported to be harassing residents of Huff and other park visitors. The individual was reported to be inappropriately touching people without consent, made several lewd comments, and also comments involving self-harm. The incident occurred in the Huff Housing Area which is within the legislative boundaries of Yosemite National Park an area of exclusive jurisdiction and within the Special Maritime and Territorial Jurisdiction of the United States.

6. Officer Hays and I responded to the Huff Housing area along with Officers Fey and Davis. Multiple witnesses informed us that the individual was making lewd comments and touching people inappropriately without consent. We were advised that "Ethan" was near the river and was naked. While walking towards the river through the Huff Housing area, multiple people informed us of "Ethan's" location and his odd behavior/ statements.

7. While attempting to locate the individual down by the river, we made contact with a friend of "Ethan". We observed a naked man across the river approximately one hundred (100) yards away walking up to a group of adults, including multiple dogs and children. The friends identified the naked man as "Ethan". There were also multiple people recreating in the river on tubes and floats. It appeared that "Ethan" and an adult male were having a verbal confrontation. "Ethan" began to walk away and cross the river away from the male and the associated group. Officers Fey and Davis stayed with the friends of "Ethan" while Officer Hays and I attempted to contact "Ethan." As he was crossing the river, he appeared to observe our presence in the area and quickly put shorts on and began to run up the hill away from us.

8. Officer Hays and I quickly made our way along the river to contact "Ethan". Officer Fey advised me over the radio that he may be with a different group of people recreating in the woods along the river. We made contact with the group, including the individual matching the description of "Ethan". Officer Hays asked the individual who was sitting on the ground away from us with the group, if he was "Ethan". The individual confirmed that he was "Ethan", and Officer Hays asked him to come and talk to us. He got up and walked toward our location. Officer Hays requested his information after he provided it, I asked him for consent to check his person, to which he granted. The individual was later identified

by utilizing his name and date of birth as Ethan Andrew Evans Tindukasiri (hereinafter referred to as TINDUKASIRI).

### B. TINDUKASIRI's Behavior and Allegations of Victim/Witnesses

9. I informed TINDUKASIRI why he was being contacted by Law Enforcement. As I was explaining to him that we were just having a conversation mainly about his well-being, he stated "I can barely understand, honestly". I repeated his statement to him and asked him "you can barely understand?" and he replied by saying "yeah". He then stated, "I can't understand Spanish". I advised him that I was speaking clear English to him, and he replied by saying "really, ok". As I was explaining the situation to him, he referred to Officer Hays as "Jared". He admitted that he had drank alcohol today, smoked marijuana and drank bong water. He admitted to recently using acid "a few days ago."

10. I contacted a male and female that TINDUKASIRI was sitting with when we contacted him. The male, Jackson Campbell, and female, Malia Leddy, denied knowing TINDUKASIRI, but stated they had met him the prior Thursday. They informed me that they observed TINDUKASIRI ingest what appeared to be acid on that Thursday. They also informed me that TINDUKASIRI walked up to them and groped Maria Leddy's head without consent.

11. I re-approached TINDUKASIRI after speaking with Jackson and Malia.[1] At this point, TINDUKASIRI removed his penis from his shorts in front of Officer Hays. Soon after he removed his penis from his shorts, he began to urinate in front of Officer Hays and I. He refused to comply with my order to place his penis back in his shorts and to not urinate in public. Jackson and Malia also observed him remove his penis and urinate in public view.

---

[1] After the initial investigation into TINDUKASIRI's behavior on July 9, 2022, law enforcement rangers learned that TINDUKASIRI may have assaulted two additional individuals. Two females, hereinafter referred to as Confidential Victim 1 (CV1) and Confidential Victim 2 (CV2), respectively, who were visiting TINDUKASIRI in Yosemite reported that TINDUKASIRI sexually assaulted them during the day on July 9, 2022 prior to his arrest. CV1 reported that TINDUKASIRI sexually assaulted her twice: first, while she was engaging in naked yoga along the banks of the Merced River, she alleged that TINDUKASIRI groped her breasts and buttocks after she asked him for a back massage and he then proceeded to rub his erect penis on her; next, she alleged that he attempted to rape her while helping her move some items into a van she was residing in. Both times she stated she was able to fight him off. Additionally, CV2 alleged that, while she was practicing yoga with CV1, TINDUKASIRI groped her breasts and buttocks underneath her clothes without her consent, and proceeded to masturbate in front of her. The investigation into the allegations made by CV1 and CV2 is ongoing.

12. Throughout the entirety of the contact, TINDUKASIRI continued to make multiple statements that were incoherent and completely unrelated to any of the conversations we had with him. He had difficulty following directions and refused to comply with simple orders. He was then placed in handcuffs and detained for further investigation regarding the multiple incidents. He attempted multiple times to intentionally urinate over himself while in handcuffs. I could see his abdominal muscles clench and he began breathing rapidly to urinate over himself. He also urinated in the back of the police vehicle multiple times and continued to remove his seatbelt and move around the back of the patrol vehicle.

### C.  **Investigation Regarding TINDUKASIRI Being Under the Influence**

13. Throughout the contact with TINDUKASIRI, I observed rapid, involuntary jerking of his eyes, which is indicative of the impairment of intoxicants. Special Agent Tucker advised me that he conducted a brief Field Sobriety Test, utilizing his past knowledge as a Drug Recognition Expert. He informed me that TINDUKASIRI'S Resting Pulse was 130 beats per minute. He conducted a Modified Romberg test, which TINDUKASIRI estimated the passing of thirty (30) seconds in approximately three (3) seconds. During this time, he observed rapid, involuntary jerking of his eyes, which indicates impairment. Special Agent Tucker advised me that TINDUKASIRI was mumbling, and he continually stuck his tongue out of his mouth. TINDUKASIRI'S pupils appeared to be constricted within normal range. Agent Tucker informed me that it was difficult to see his pupils due to the color of TINDUKASIRI'S eyes. Agent Tucker did not detect the odor of an alcoholic beverage emanating from TINKDUKASIRI. Officer Hays attempted to conduct a Preliminary Breath Test of TINDUKASIRI. He was unable to follow directions and blow into the device correctly, and also attempted to suck on the mouthpiece.

14. I have received training on the effects of alcohol and drugs on the human body. I have also observed people under the influence of alcohol and various controlled substances. Based on my training and experience, I know that individuals under the influence of alcohol and/or drugs frequently slur their words, have difficulty remembering things, have difficulty speaking coherently, have difficulty understanding others, and urinate in public. Based on my training, experience, and observations of TINDUKASIRI, I believe he was under the influence of alcohol and/or controlled substances. I also

COMPLAINT AFFIDAVIT    5

believe that TINDUKASIRI was a danger to himself based on his level of intoxication and proximity to the river.

15. Accordingly, TINDUKASIRI was placed under arrest for being Under the Influence of Alcohol and/or Narcotics. He was transported to the Fresno County Jail. I obtained a search warrant for a blood sample from TINDUKASIRI. The results of laboratory results for the sample of TINDUKASIRI's blood are currently pending.

### III.   CONCLUSION

17. The above facts set forth probable cause to believe that Ethan Andrew Evans TINDUKASIRI is in violation of Title 36, Code of Federal Regulations, Section 235(c), present in a park area while under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources. I request that an arrest warrant be issued for TINDUKASIRI for this violation.

18. I declare under penalty of perjury the information which I have set forth above is true to the best of my knowledge.

*Christian Del Pozzo*
CHRISTIAN DEL POZZO
Law Enforcement Park Ranger, National Park Service

Affidavit submitted to me by email/pdf and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1, 4(d), and 41(d)(3) this  11th   day of July, 2022.

STANLEY A. BOONE
United States Magistrate Judge

Reviewed as to form by:
/s/ *Laura Jean Berger*
LAURA JEAN BERGER
Assistant U.S. Attorney

COMPLAINT AFFIDAVIT                                                                6